### J. W. PICKLE v. THE STATE.

#### No. 2665.  Decided October 22, 1913.

**Local Option—Sufficiency of the Evidence—Sale.**

 Where, upon trial of a violation of the local option law, the evidence showed such facts as would constitute a sale, the conviction was sustained.

 Appeal from the County Court of Jasper.  Tried below before the Hon. Garland Smith.

 Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

 The opinion states the case.

*J. J. Lee,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

 PRENDERGAST, PRESIDING JUDGE.—Under the misdemeanor statute prohibiting the sale of intoxicating liquors in prohibition territory this conviction was had and the lowest punishment prescribed by law assessed.

 There is but one question in the case.  Appellant contends that the evidence is insufficient to sustain the verdict.

 The proper orders of the Commissioners Court were introduced showing that prohibition was in force before the felony statute was enacted and at the time the alleged sale occurred.  Appellant did not testify. The State proved substantially by two witnesses that Singletary, the party to whom the alleged sale was made, and a companion were in the town of Jasper on Sunday June 2, 1912, and wanted some whisky and that they together went to appellant's house where said Singletary called appellant out and told him he wanted some whisky.  Appellant said he had none at the house but he gave him some keys to a market house. Singletary and his companion, with the keys, then went to this market house and Singletary got out and went in and got four or five pints of whisky.  He carried the keys back to appellant and told appellant that he would see him next week or fix it with him next week.  In our opinion this evidence was sufficient to sustain the verdict, the jury and the lower court both so finding and holding.  The judgment will be affirmed.

<div align="right">

*Affirmed.*